IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

SYMBOLOGY INNOVATIONS, LLC,

    Plaintiff,

vs.

DRAMM INTERNATIONAL, INC.,

    Defendant.

Case No. 2:19-cv-00853-LA

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

Dramm Corporation of Manitowoc ("Dramm") hereby responds to the Complaint (Dkt. No. 1) ("Complaint"), of Symbology Innovations, LLC ("Symbology") as follows:

**ANSWER**

1. Symbology Innovations, LLC ("Symbology" or "Plaintiff"), by and through its counsel, hereby brings this action for patent infringement against Dramm International, Inc., ( "Dramm" or "Defendant") alleging infringement of the following validly issued patent (the "Patent-in-Suit"): U.S. Patent No. 8,424,752, titled "System and method for presenting information about an object on a portable electronic device" (the "'752 Patent"), attached hereto as Exhibit A.

**ANSWER**: Paragraph 1 states legal conclusions to which no response is required. To the extent that a response is required, Dramm admits that Symbology purports to bring an action for infringement of U.S. Patent No. 8,424,752 ("the '752 Patent") and that Exhibit A appears to be a copy of the '752 Patent. Dramm denies the remaining allegations of this paragraph.

## NATURE OF THE ACTION

2. This is an action for patent infringement arising under the United States Patent Act 35 U.S.C. §§ 1 et seq., including 35 U.S.C. § 271.

**ANSWER**: Paragraph 2 states legal conclusions to which no response is required. To the extent that a response is required, Dramm admits that Symbology purports to bring an action for patent infringement.

## PARTIES

3. Plaintiff Symbology Innovations, LLC is a Texas company with its principal place of business at 1400 Preston Road, Suite 400, Plano, TX 75093.

**ANSWER**: Dramm lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of this Complaint, and therefore denies the same.

4. On information and belief, Zaibak PRN, LLC is an entity established in Wisconsin with a principle place of business at 1525 Revere Dr., Brookfield, WI 53045 and may be served by its registered agent Hashim Zaibak at 1525 Revere Dr., Brookfield, WI 53045.

**ANSWER**: Dramm lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of this Complaint, and therefore denies the same.

5. On information and belief, Defendant Dramm International, Inc. is a company organized under the laws of Wisconsin and may be served by its registered agent John C. Savage, 1028 9th Street, P.O. Box 2225, Manitowoc, WI 54221.

**ANSWER**: Denied. To Dramm's knowledge, there is no existing entity called "Dramm International, Inc." Rather, Dramm is incorporated in Wisconsin under the name "Dramm Corporation of Manitowoc."

## JURISDICTION AND VENUE

6. This lawsuit is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 et seq. The Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), and 1367.

**ANSWER**: Paragraph 6 states legal conclusions to which no response is required. To the extent that a response is required, Dramm admits that Symbology purports to bring this action pursuant to federal question jurisdiction.

7. The Court has personal jurisdiction over Defendant for the following reasons: (1) Defendant is present within or has minimum contacts within the State of Wisconsin and the Eastern District of Wisconsin; (2) Defendant has purposefully availed itself of the privileges of conducting business in the State of Wisconsin and in this district; (3) Defendant has sought protection and benefit from the laws of the State of Wisconsin; (4) Defendant regularly conducts business within the State of Wisconsin and within this district, and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Wisconsin and in this district; and (5) Defendant is incorporated in Wisconsin and has purposely availed itself of the privileges and benefits of the laws of the State of Wisconsin.

**ANSWER**: Paragraph 7 states legal conclusions to which no response is required. To the extent that a response is required, Dramm admits that it is a Wisconsin corporation, has its principal place of business in Wisconsin, and transacts business in Wisconsin. To the extent not specifically admitted, Dramm denies the remaining allegations of this paragraph, including specifically denying that it has committed any infringing act in this or any other District.

8. Defendant, directly and/or through intermediaries, ships, distributes, uses, offers for sale, sells, and/or advertises products and services in the United States, the State of Wisconsin, and the Eastern District of Wisconsin including but not limited to the products which contain the

infringing '752 Patent systems and methods as detailed below. Upon information and belief, Defendant has committed patent infringement in the State of Wisconsin and in this district; Defendant solicits and has solicited customers in the State of Wisconsin and in this district; and Defendant has paying customers who are residents of the State of Wisconsin and this district and who each use and have used the Defendant's products and services in the State of Wisconsin and in this district.

**ANSWER**: Paragraph 8 states legal conclusions to which no response is required. To the extent that a response is required, Dramm admits that it ships, distributes, uses, offers for sale, sells, and/or advertises various products and services in the United States, the State of Wisconsin, and the Eastern District of Wisconsin. Dramm denies the remaining allegations of this paragraph, including specifically denying that it has committed any infringing act in Wisconsin or in any other State.

9. Venue is proper in the Eastern District of Wisconsin pursuant to 28 U.S.C. §§ 1400(b). Defendant is incorporated in this district, has transacted business in this district, and has directly and/or indirectly committed acts of patent infringement in this district.

**ANSWER:** Paragraph 9 states legal conclusions to which no response is required. To the extent that a response is required, Dramm admits that it is incorporated in and has transacted business in this District. Dramm denies the remaining allegations of this paragraph, including specifically denying that it has committed any infringing act in this or any other District.

## PATENT-IN-SUIT

10. The Patent-in-Suit teaches systems and methods for enabling a portable electronic device (e.g., smartphone) to retrieve information about an object when the object's symbology (e.g. QR code) is detected.

4

4837-1519-6575

Case 2:19-cv-00853-LA   Filed 08/07/19   Page 4 of 19   Document 4

**ANSWER:** Paragraph 10 states legal conclusions to which no response is required. To the extent that a response is required, Dramm admits that the '752 Patent purports to provide systems and methods "for enabling a portable electronic device to retrieve information about an object when the object's symbology, e.g., a barcode, is detected." (Dkt. No. 1-1 at Abstract.) Dramm denies the remaining allegations of this paragraph.

## SUMMARY OF INFRINGING ACTIONS

11. Dramm sells products that assist growers with their greenhouses and nurseries and has turned "a basement operation to a multi-million dollar global corporation." *See* Ex. 1.

**ANSWER**: Dramm admits that it sells professional greenhouse tools and equipment and that the quoted language appears in Exhibit 1 to the Complaint. Dramm denies the remaining allegations of this paragraph, including specifically denying the implication that any activity described in this paragraph constitutes an "infringing action[]."

12. Much of Dramm's growth can be attributed to its focus on keeping up with the innovations needed to prosper in the 21st Century. *See* Ex. 1. One of these steps has included an extensive QR code system. *See* Exs. 2, 3. Dramm includes "two QR codes on each machine." *See* Exs. 2, 3. These codes "automatically take the user to either the product page on [Dramm's] website, where they can access the sprayer manual, training videos and the product form, or to Dramm's service web page." *See* Exs. 2, 3.

**ANSWER**: Dramm admits the quoted language appears in Dkt. No. 1-4. Dramm denies the remaining allegations of this paragraph, including specifically denying the implication that any activity described in this paragraph constitutes an "infringing action[]."

13. Front and center on Dramm's webpage is information pertaining to Dramm's use of QR codes, including its use to "Scan for Manuals, Videos, FAQs and Service." *See* Ex. 4.

5

4837-1519-6575

Case 2:19-cv-00853-LA   Filed 08/07/19   Page 5 of 19   Document 4

**ANSWER**: Dramm admits that Dkt. No. 1-5 purports to include the language "Dramm Includes QR Code To Scan For Manuals, Videos, FAQs and Service." Dramm denies the remaining allegations of this paragraph, including specifically denying the implication that any activity described in this paragraph constitutes an "infringing action[]."

14. The corporate press release on Dramm's homepage explains a QR code process that practices the steps of U.S. Patent 8,424,752 as listed below. *See* Ex. 5. The article explains that the two QR codes on each machine it sells can be scanned from a mobile phone, which then directs users to information on Dramm's website regarding the product. *See* Ex. 5 (found at www.dramm.com). Dramm's use of the patented '752 processes have benefited the company in the way that it connects with customers, markets its brand and product information, and in turn, profits from the use of its QR code system.

**ANSWER**: Dramm admits that Dkt. No. 1-6 states separately that "QR Codes will automatically take the user to either the product page on our website . . . or to our Service web page" and that the "QR Codes are easily accessed from most mobile phones without additional apps needed." Dramm denies the remaining allegations of this paragraph, including specifically denying that it practices any claim of the '752 Patent and that it has committed any infringing act.

## COUNT I

### ([Alleged] Infringement of U.S. Patent No. 8,424,752)

15. Plaintiff incorporates by reference the allegations of paragraphs 1-14, the same as if set forth herein.

**ANSWER**: Dramm realleges and incorporates by reference the responses set forth in paragraphs 1-14 above as if fully set forth herein.

16. The '752 Patent is valid, enforceable, and was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on April 23, 2013. The '752 Patent is presumed valid and enforceable. *See* 35 U.S.C. § 282.

**ANSWER**: Paragraph 16 states legal conclusions to which no response is required. To the extent that a response is required, Dramm admits that the '752 Patent appears to have issued on April 23, 2013. Dramm denies the remaining allegations of this paragraph, including specifically denying that the '752 Patent is valid and/or enforceable.

17. Plaintiff is the owner by assignment of the '752 patent and possesses all rights of recovery under the '752 patent, including the exclusive right enforce the '752 patent and pursue lawsuits against infringers.

**ANSWER**: Dramm lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of this Complaint, and therefore denies the same.

18. On information and belief, Defendant has infringed and continues to infringe on one or more claims of the '752 Patent—directly, contributorily, and/or by inducement—by importing, making, using, offering for sale, or selling products and devices that embody the patented invention, including, without limitation, one or more of the patented '752 systems and methods, in violation of 35 U.S.C. § 271.

**ANSWER**: Paragraph 18 states legal conclusions to which no response is required. To the extent that a response is required, denied.

19. Defendant has been and now is directly infringing by, among other things, practicing all of the steps of the '752 Patent through internal testing and quality assurance. *See Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 775 (Fed. Cir. 1993); see also 35 U.S.C. § 271 (2006). For

instance, Defendant has directly infringed the Patent-in-Suit by testing, configuring, and troubleshooting the functionality of QR codes on its products and services.

**ANSWER**: Paragraph 19 states legal conclusions to which no response is required. To the extent that a response is required, denied.

20. By way of example, Defendant has infringed and continues to infringe on at least one or more claims, including at least Claim 1 of the '752 Patent which teaches:

> A method comprising:
>
> > capturing a digital image using a digital image capturing device that is part of a portable electronic device;
> >
> > detecting symbology associated with an object within the digital image using a portable electronic device;
> >
> > decoding the symbology to obtain a decode string using one or more visual detection applications residing on the portable electronic device;
> >
> > sending the decode string to a remote server for processing:
> >
> > receiving information about the object from the remote server wherein the information is based on the decode string of the object.
> >
> > displaying the information on a display device associated with the portable electronic device.

**ANSWER**: Paragraph 20 states legal conclusions to which no response is required. To the extent that a response is required, denied.

21. On information and belief, at least through testing, quality assurance, and/or troubleshooting, Defendant employs a method wherein a digital image (i.e., "QR code") associated with its products is captured by the camera of a portable electronic device (i.e., a smartphone or tablet) ("*capturing a digital image using a digital image capturing device that is part of a portable electronic device*"). *See* Figures 1, 2, and 3.

**ANSWER**: Denied.

22. On information and belief, Defendant uses a smartphone, tablet, or similar device to detect symbology (i.e., the QR code) associated with an object, such as the Defendant's infringing product ("*detecting symbology associated with an object within the digital image using a portable electronic device*").

**ANSWER**: Denied.

23. On information and belief, Defendant uses a smartphone, tablet, or similar device to decode the symbology to obtain a decode string (i.e., hyperlink) using the visual detection application residing in the smartphone or tablet ("*decoding the symbology to obtain a decode string using one or more visual detection applications residing on the portable electronic device*"). For example, a smartphone detects the symbology of the QR code on Defendant's product and decodes the digital image captured on the smartphone camera to produce a decoded hyperlink as shown in the figures below. The decoded string is sent to a remote server for processing as shown in Figure 5 ("*sending the decode string to a remote server for processing*").

**ANSWER**: Denied.

24. On information and belief, after clicking the hyperlink obtained by scanning the QR code associated with the product, the smartphone receives information about the product from a remote server. ("*receiving information about the object from the remote server wherein the information is based on the decode string of the object*"). The information is received and displayed on the smartphone as shown in Figure 6 below ("*displaying the information on a display device associated with the portable electronic device*").

**ANSWER**: Denied.

9

4837-1519-6575

Case 2:19-cv-00853-LA   Filed 08/07/19   Page 9 of 19   Document 4

25. Defendant has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '752 Patent in the State of Wisconsin, in this judicial District, and elsewhere in the United States, by, among other things, making, using, offering for sale, and/or selling, without license or authority, products affixed with QR codes that require the accused technology for intended functionality, testing, configuration, troubleshooting, and other utilization. End users include, for example, customers, customers' customers, retail store personnel, and other third-parties.

**ANSWER**: Denied.

26. Defendant took active steps to induce infringement, such as advertising an infringing use, which supports a finding of an intention. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 932 (2005) ("[I]t may be presumed from distribution of an article in commerce that the distributor intended the article to be used to infringe another's patent, and so may justly be held liable for that infringement").

**ANSWER**: Denied.

27. The allegations herein support a finding that Defendant induced infringement of the '752 Patent. *See Power Integrations v. Fairchild Semiconductor*, 843 F.3d 1315, 1335 (Fed. Cir. 2016) ("[W]e have affirmed induced infringement verdicts based on circumstantial evidence of inducement [e.g., advertisements, user manuals] directed to a class of direct infringers [e.g., customers, end users] without requiring hard proof that any individual third-party direct infringer was actually persuaded to infringe by that material.").

**ANSWER**: Paragraph 27 states legal conclusions to which no response is required. To the extent that a response is required, denied.

28. On information and belief, Defendant contributorily infringes on Symbology's '752 Patent. Defendant knew or should have known, at the very least as a result of its freedom to operate analyses, that third parties, such as its customers, would infringe the '752 Patent by implementing Defendant's QR code technology.

**ANSWER**: Paragraph 28 states legal conclusions to which no response is required. To the extent that a response is required, denied.

29. On information and belief, Defendant's implementation of the accused functionality has no substantial non-infringing uses. *See, e.g., Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1321 (Fed. Cir. 2009) (holding that the "substantial non-infringing use" element of a contributory infringement claim applies to an infringing feature or component, and that an "infringing feature" of a product does not escape liability simply because the product as a whole has other non-infringing uses).

**ANSWER**: Paragraph 29 states legal conclusions to which no response is required. To the extent that a response is required, denied.

30. On information and belief, the infringement of the '752 Patent by Defendant has been and continues to be willful. Defendant has had actual knowledge of Symbology's rights in the '752 Patent and details of Defendant's infringement based on at least the filing and service of this complaint. Additionally, Defendant had knowledge of the '752 Patent and its infringement in the course of Defendant's due diligence and freedom to operate analyses.

**ANSWER**: Denied.

31. Defendant's acts of infringement of the '752 Patent have caused damage to Symbology, and Symbology is entitled to recover from Defendant the damages sustained as a result of Defendant's wrongful acts in an amount subject to proof at trial pursuant to 35 U.S.C. §

271. Defendant's infringement of Symbology's exclusive rights under the '752 Patent will continue to damage Symbology causing it irreparable harm for which there is no adequate remedy at law, warranting an injunction from the Court.

**ANSWER**: Denied.

## GENERAL DENIAL

To the extent that any allegations of the Complaint are not specifically admitted, Dramm hereby denies them.

## REQUEST FOR RELIEF

Dramm denies that Symbology is entitled to any of the relief sought in its request for relief.

## AFFIRMATIVE DEFENSES

Without assuming any burden other than that imposed by operation of law, Dramm asserts the following affirmative defenses to Symbology's claims against Dramm:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1. Symbology's Complaint fails to state a claim upon which relief can be granted. Dramm has not performed any act or thing in violation of any rights validly belonging to Symbology.

## SECOND AFFIRMATIVE DEFENSE

### (Non-Infringement)

2. Dramm does not directly, indirectly, contributorily and/or by inducement, infringe any valid, enforceable claim of any patent-in-suit, either literally or under the doctrine of equivalents under 35 U.S.C. §271(a), (b), (c), and/or (f), willfully or otherwise.

## THIRD AFFIRMATIVE DEFENSE

### (Invalidity/Unpatentability)

3. Symbology's purported claims for infringement are barred because each and every asserted claim of the '752 Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

## FOURTH AFFIRMATIVE DEFENSE

### (No Injunctive Relief)

4. Symbology is not entitled to any injunctive relief because it has not suffered irreparable harm and has an adequate remedy at law.

## RESERVATION OF ALL AFFIRMATIVE DEFENSES

5. Dramm reserves all affirmative defenses permitted under the Federal Rules of Civil Procedure, the patent laws of the United States and/or at law or in equity, that may now exist or in the future be available based on discovery and further investigation in this case.

## COUNTERCLAIMS

1. Dramm asserts the following counterclaim against Symbology.

## NATURE OF THE ACTION

2. This is a counterclaim for declaratory judgment of invalidity arising under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

## THE PARTIES

3. Dramm is a corporation organized under the laws of the State of Wisconsin, with its principal place of business located at 2000 North 18th Street, Manitowoc, Wisconsin 54221.

4. Symbology has asserted that Symbology is a Texas company with its principal place of business at 1400 Preston Road, Suite 400, Plano, TX 75093.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this counterclaim for declaratory judgment pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

6. This Court has personal jurisdiction over Symbology by virtue of, among other things, its having consented to the jurisdiction of this Court by filing its Complaint.

7. Venue is proper in this district over Symbology under 28 U.S.C. §§ 1391(b), (c), and (d).

## FACTUAL BACKGROUND

8. In its Complaint, Symbology alleges that Dramm has infringed and continues to infringe Claim 1 of U.S. Patent No. 8,424,752 ("the '752 Patent").

9. Dramm has denied Symbology's claims of infringement, and contends that it has not infringed any claim of the '752 Patent.

10. Dramm contends that all the claims of the '752 Patent are invalid.

11. An actual and justiciable controversy has thus arisen between Symbology and Dramm concerning the alleged validity of the '752 Patent.

## COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '752 Patent)

12. Dramm realleges and incorporates by reference the allegations set forth in paragraphs 1-11 above as if fully set forth herein.

13. Each and every asserted claim of the '752 Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

14. For example, the '752 Patent's sole asserted claim, Claim 1, is invalid over U.S. Patent No. 6,666,377 ("the '377 Patent"), attached hereto as Exhibit A. The following chart

14

demonstrates how exemplary sections of the '377 Patent anticipate and/or render obvious each and every limitation of Claim 1:

| Claim 1 | The '377 Patent |
|---|---|
| A method comprising:<br><br>capturing a digital image using a digital image capturing device that is part of a portable electronic device; | **Column 2, lines 15-25:**<br><br>"FIG. 1B shows the client being a cellular telephone which also may include a screen 145 and user interface 150. The cellular telephone can be associated with either a dedicated bar code scanner or an image sensor 160 of the type used to obtain photographs for video telephony.<br><br>In both devices, the input device obtains either a scan of the bar code, or an image of the bar code on a medium. The medium can be a display screen such as a computer display screen, or can be a sheet of paper. The information in the bar code is entered into the computer." |
| detecting symbology associated with an object within the digital image using a portable electronic device; | **Column 2, lines 31-42:**<br><br>"First the scan of the barcode image is acquired at 200. This image may be a pixel based bitmap.<br><br>Each bar code has certain rules constraining how the bar code is recognized. In two-dimensional bar codes, the spacing/pitch/size of and between the black and white bars often represent the information. Certain rules constrain what is a legal bar code. One such rule is the dead space rules, which defines legal characteristics of the edges of the bar code. The following description defines using the dead space rules, however, it should be understood that other constraining rules could alternately be used."<br><br>**Column 6, lines 2-5:**<br><br>"When this dead space is detected, and all other aspects of the bar code are detected, the bar codes can be read and decoded, shown as 711." |

| Claim 1 | The '377 Patent |
|---|---|
| decoding the symbology to obtain a decode string using one or more visual detection applications residing on the portable electronic device; | **Column 2, lines 54-59:**<br>"Then, these raw values at 210 that are indicative of the content of the bar code can be decoded by a conventional bar code decoding technique at 215. This system describes using an alphanumeric bar code such as the type 39 or type 128 bar code. 215 shows decoding these raw values to obtain the output representing the content of the bar code." |
| sending the decode string to a remote server for processing; | **Column 4, lines 23-29:**<br>"In operation, the user brings one of the clients, either the cellular telephone 310 or PDA 315, into range of the bar code 405. The client reads the bar code and decodes it as noted above. The decoded information can represent ASCII information, a compressed file such as a zip file, G code information, or any other compressed or non-compressed information."<br><br>**Column 4, lines 41-47:**<br>"In this system, the information can represent a cue, e.g. a number that is associated with a special function. The cue is used during a hot sync to access a publicly available information network, e.g. by direct connection or by the Internet. The cue 431 is sent over the Internet 432 to the server 450, and addresses more detailed information in a memory of the server." |
| receiving information about the object from the remote server wherein the information is based on the decode string of the object; | **Column 4, lines 45-48:**<br>"The cue 431 is sent over the Internet 432 to the server 450, and addresses more detailed information in a memory of the server. The server returns that information as 455, and the client receives the more detailed information." |

16

| Claim 1 | The '377 Patent |
|---|---|
| displaying the information on a display device associated with the portable electronic device. | **Column 1, line 58 – column 2, line 2:**<br><br>"The present application teaches using a symbolical code, such as a bar code, to enter information into a computer device. The computer device can be a portable computer which is described herein as being any computer in which the display and user interface are within the same housing, or a personal digital assistant which is a smaller version of the personal computer, which again has data entry parts and display within a single housing, but has outer perimeters which are sized to fit any user's hand, e.g. less than ten inches by ten inches. Another embodiment describes a special kind of PDA which includes a portable telephone such as a cellular telephone, included therein."<br><br>**Column 4, lines 23-29:**<br><br>"In operation, the user brings one of the clients, either the cellular telephone 310 or PDA 315, into range of the bar code 405. The client reads the bar code and decodes it as noted above. The decoded information can represent ASCII information, a compressed file such as a zip file, G code information, or any other compressed or non-compressed information."<br><br>**Column 4, lines 45-48:**<br><br>"The cue 431 is sent over the Internet 432 to the server 450, and addresses more detailed information in a memory of the server. The server returns that information as 455, and the client receives the more detailed information."<br><br>**Column 6, lines 45-51:**<br><br>"Scanning part 710 may include additional information about the product, such as a description, or picture. The picture of the product may be displayed to the sales clerk, so that the sales clerk can verify that the product being purchased is actually the product that the user is presenting." |

Dramm reserves the right to modify its invalidity theories as discovery progresses in this case; it shall not be estopped for invalidity contention purposes by information contained in this paragraph. This paragraph is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure; it does not represent Dramm's preliminary or final invalidity positions.

15. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Dramm is entitled to judgment from this Court finding that the '752 patent is invalid pursuant to 35 U.S.C. §§ 101, 102, 103 and/or 112.

## DEMAND FOR JURY TRIAL

Dramm demands a trial by jury on all issues that may be so tried.

## PRAYER FOR RELIEF

WHEREFORE, Dramm requests that the Court enter judgment for Dramm and award it the following relief:

A. Dismiss Symbology's Complaint with prejudice and find that Symbology takes nothing by its claim;

B. Enter judgment in favor of Dramm, and against Symbology, on the Complaint;

C. Declare that the asserted claims of the '752 patent are invalid;

D. Enjoin Symbology, its assigns, and all those in privity therewith from asserting the '752 patents against Dramm or any of its customers;

E. Find this case an exceptional case and award Dramm its reasonable attorneys' fees and costs under 35 U.S.C. § 285; and

F. Grant Dramm such other and further relief as the Court may deem just and proper.

Dated:  August 7, 2019		Respectfully submitted,

		s/*Kevin J. Malaney*
		Kevin J. Malaney, Wis. Bar No. 1066371
		Sarah E. Rieger, Wis. Bar No. 1112873
		FOLEY & LARDNER LLP
		777 East Wisconsin Ave.
		Milwaukee, WI  53202
		Tel. (414) 271-2400
		Fax. (414) 297-4900
		kmalaney@foley.com
		srieger@foley.com

		*Attorneys for Defendant Dramm*
		*Corporation of Manitowoc*